IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD CASO,

                              Plaintiff,                          OPINION and ORDER

    v.                                                                    21-cv-550-jdp

TYRONE OLSON,

                              Defendant.

---

Plaintiff in this copyright infringement case, Chad Caso, moves for default judgment against defendant Tyrone Olson, seeking damages, injunctive relief, and attorney fees and costs. Dkt. 17. The court held a telephonic hearing on the motion on October 18, 2022. The court directed Caso to provide additional materials to support (1) the court's exercise of personal jurisdiction over Olson and (2) Caso's statutory damages request. Dkt. 26. Caso has supplemented his motion on those issues, Dkt. 28; Dkt. 29, so the motion is ready for a decision. For the reasons that follow, the court will grant Olson's motion for default judgment, although the damages awarded are different from those requested.

ANALYSIS

A.  **Personal jurisdiction**

For the reasons stated at the hearing, the court concludes that Caso's complaint states claims for copyright infringement against Olson, and that service and venue are proper. As for personal jurisdiction, the allegations in Caso's complaint did not show that Olson had purposefully directed his infringing activities toward Wisconsin. For an intentional tort such as copyright infringement, a defendant directs his activities at a forum state if he engaged in

(1) intentional and allegedly tortious conduct; (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state. *Felland v. Clifton*, 682 F.3d 665, 674–75 (7th Cir. 2012). Elements one and three were met, because Caso alleged that Olson infringed his copyright with knowledge that Caso, a Wisconsin resident, would be injured by the infringement. But Caso hadn't shown that Olson had expressly aimed his conduct at Wisconsin, because there was no allegation that Olson sold any infringing products in the state.

In response to the court's order, Caso provided a declaration stating that Olson sold the infringing works at a skateboarding event Olson attended in Appleton, Wisconsin. Dkt. 29, ¶ 7. Caso also provided evidence under seal of other infringing sales in Wisconsin. *Id.*, ¶ 9; Dkt. 29-2. The sale of infringing works in Wisconsin, coupled with knowledge that the harm of the infringement would be felt in Wisconsin, is enough to establish specific jurisdiction. *See Standard Process, Inc. v. Antitrend LLC*, No. 19-CV-99-JDP, 2020 WL 553871, at *4 (W.D. Wis. Feb. 4, 2020). So the court concludes that personal jurisdiction over Olson is proper.

**B.  Damages**

A plaintiff may elect to receive either actual damages or statutory damages for a defendant's infringements of any one work. *See Narkiewicz-Laine v. Doyle*, 930 F.3d 897, 904 (7th Cir. 2019). Caso seeks actual damages for infringements of the "Corona Hornet" and "Zombie and Kitten" designs, and he seeks statutory damages for infringements of the "Round Logo" design.

**a.  Actual damages**

Olson's default establishes liability for the conduct alleged in the complaint, but Caso still must prove his damages to a degree of reasonable certainty. *In re Catt*, 368 F.3d 789, 793

(7th Cir. 2004). Caso may recover his actual losses and the infringer's profits. To establish the infringer's profits, "the copyright owner is required to present proof only of the infringer's gross revenue" fairly attributable to the infringement. 17 U.S.C. § 504(b).

Caso seeks as damages Olson's revenues from sales of skateboard decks featuring Caso's artwork. He states that Olson sold 166 skateboard decks featuring either the Hornet, Zombie, or Round Logo design. Caso contends in his affidavit that, based on supplier records he had acquired, nine skateboard decks reproduced the Hornet or Zombie designs, and that as many as 52 more might have, given a lack of contrary information in the shipping receipts. Dkt. 18, ¶ 12; Dkt. 18-1. The court concludes that it would be unduly speculative to assume that all decks with unspecified designs used the Hornet or Zombie. The court accepts Caso's estimate that Olson's sale price was approximately $50 per deck. Dkt. 18, ¶ 15. So, at an estimated price of $50 per deck, Olson's revenue for sales of the nine decks with Hornet and Zombie designs totals $450. Caso also incurred $259.73 in costs retrieving infringing "heat prints" of the Hornet and Zombie designs that would have been placed on skateboards. Dkt. 18, ¶¶ 16, 18. Olson's actual damages for infringements of the Hornet and Zombie designs are $709.73.

b. **Statutory damages**

Caso requests $30,000 in statutory damages for Olson's infringement of the Round Logo design. At the hearing, the court concluded that Caso was entitled to statutory damages for infringement of the Round Logo because Caso registered the logo prior to Olson placing the logo on stickers and shirts. Caso's allegations showed that the infringement was willful, which meant that Caso could recover between $750 and $150,000 in statutory damages. 17 U.S.C. § 504(c). But the court concluded that Caso had not justified his requested damages award because did not provide information that would allow the court to estimate the value of

3

the Round Logo or the extent of infringement, which the court may consider in determining a statutory damages award. *See White v. Marshall*, 771 F. Supp. 2d 952, 956 (E.D. Wis. 2011).

To support his damages request, now Caso states that he spent 100 to 150 hours, or "about a month" creating the Round Logo, and that based on the average wage for an artist in his industry, his time designing the logo was worth between $5,139.19 to $6,045.83. The court is satisfied that $6,045.83 is a reasonable estimate of the cost of production of the Round Logo. The extent of infringement was fairly modest, based on Caso's evidence of orders for 173 decks bearing the infringing Round Logo. Dkt. 18, ¶ 13. There is no evidence that Olson's infringement diminished the value of the logo preventing Caso from licensing it others. In fact, the logo seems to have been custom designed for this specific use and accordingly it has no other market value. Under these circumstances, the production cost is thus the most appropriate measure of the logo's value.

Other factors to consider in deciding a statutory damages award are "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement." *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991). The circumstances of the infringement are an aggravating factor: Olson brushed off Caso's attempts to resolve the matter without litigation, and he continued to produce merchandise with the Round Logo design, even after Caso sent Olson a cease and desist and Olson received notice of this lawsuit. Significant statutory damages are warranted to deter future infringement.

The court concludes that the purposes of statutory damages would be served by an award of $25,000, roughly four times the production cost of the Round Logo.

## C. Attorney fees and costs

The court may, in its discretion, award reasonable attorney fees to the prevailing party as part of the costs in a copyright case. 17 U.S.C. § 505. The court finds that awarding attorney fees to Caso is appropriate here, because of defendant's willful conduct and the relatively modest amounts at stake.

Caso requests $12,170 in attorney fees for 50.8 hours of attorney time, for an effective rate of about $240 per hour. Most of that time was spent drafting the complaint and the motion for default. *See* Dkt. 24-1. The requested fee award excludes time spent in connection with settlement with the other defendants and time spent drafting and filing Caso's amended motion for attorney fees. *See* Dkt. 24-2. The court concludes that the time spent and the hourly rates for counsel are both reasonable. The court will award Caso $12,170 in attorney fees.

The court will also award Caso $552 for costs: $402 for the filing fee and $75 to achieve personal service on Olson.

## D. Injunctive relief

Caso seeks a permanent injunction ordering Olson to: (1) cease infringing on Caso's works; (2) cease representing that Caso is professionally associated with Olson; (3) return all infringing materials to Caso; and (4) submit a report in writing and under oath explaining how he has complied with the injunction. Dkt. 17 at 6–7.

The four factors a court must consider for a permanent injunction are: (1) irreparable injury; (2) inadequate legal remedies; (3) a balance of hardships between the plaintiff and defendant that favors the plaintiff; and (4) service to the public interest. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010). Those factors are satisfied here. Caso alleges that Olson has continued to infringe on Caso's art even after Olson received cease and desist

messages, so an injunction is necessary to prevent future infringement. Any harm to Olson is outweighed by the harm that Caso would face by creating more infringing copies or selling off his inventory. And the public interest is served by enforcement of intellectual property law. *See Boehm v. Scheels All Sports, Inc.*, No. 15-cv-379-jdp, 2015 U.S. Dist. LEXIS 120032, at *5 (W.D. Wis. Sep. 8, 2015).

The court will grant Caso's request for an injunction against the on-going infringement and requiring the return of any infringing items. However, Caso has not shown that the court must order Olson to cease representing that Olson's products are approved by Caso. Caso provided no evidence that Olson indicated to others that the infringing artwork was Caso's or that Caso endorsed the sale of the infringing products. For similar reasons, Caso has not shown that the court must order Olson to submit a report explaining his compliance with the injunction. Caso provided no argument why it would be difficult to determine whether Olson complied with the injunction. If Caso believes that Olson is violating the terms of the injunction, he may move to enforce its terms in this court.

ORDER

IT IS ORDERED that:

1. Plaintiff Chad Caso's motion for default judgment against defendant Tyrone Olson, Dkt. 17, is GRANTED.

2. The clerk's office is instructed to issue a judgment and injunction order that:

    a. Awards Caso $709.73 in actual damages for Olson's infringement of Caso's "Corona Hornet" and "Zombie and Kitten" designs.

    b. Awards Caso $25,000 in statutory damages for Olson's willful infringement of Caso's "Round Logo" design.

    c. Awards Caso $12,170 in attorney fees.

    d.   Awards Caso $552 in costs.

    e.   Permanently enjoins Olson from making, selling, distributing, or publicly displaying, anything bearing a copy of the "Corona Hornet," "Zombie and Kitten," or "Round Logo" designs, or inducing others to do so. The designs are reproduced in an appendix to this order.

    f.   Orders Olson to return to Caso all products bearing Caso's copyrighted images in Olson's possession, custody, or control.

Entered February 1, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

7

Appendix

"Corona Hornet"



"Zombie and Kitten"



"Round Logo"

